The opinion of the Court was delivered by
Inglis, A. J.
An executor, by qualifying, taking possession of the assets, and assenting to a pecuniary legacy, may well be regarded as having expressly undertaken to the legatee to pay it, or, at the least, to have acknowledged a liability from which a promise will be implied. In Hawkes vs. Sanders, Cowp. 289, which was an action at law to recover a pecuniary legacy, after assent, the declaration *193 alleged an express promise to pay, but it is to be inferred, from a remark of one of tbe Judges, that the express promise was no more than tbe executor’s express assent to tbe legacy. In Atkins vs. Hill, Cowp. 284, an express promise was alleged, and tbe demurrer admitted it. Tbe recovery in both of these cases was rested upon tbe alleged promise. But Lord Mansfield distinctly and without qualification affirms tbe proposition that, after assent, an action at law will lie for tbe recovery of a pecuniary legacy. In our own case of - vs. Ferguson's Executors, 1 Bay, 112, Judge Bay, in bis abstract of tbe case, seems to have assumed, that tbe amount of a pecuniary legacy, after assent, might be recovered as money bad and received in tbe executor’s bands for tbe legatee’s use. It is said (in note 6 to sec. 592, 1 Story’s Eq.) that “ an action at law for a pecuniary legacy has been maintained against an executor after assent in some of tbe Courts of America.” But tbe proposition is not there supported by a reference to any decided case. Mr. Cbitty, in bis Treatise on Contracts, at page 678, says: “Where money is due in equity, and tbe trustee states an account concerning it, with tbe cestui que trust, it may be recovered at law in tbe action for money bad and received, or in an action on an account stated.” It is not very clear why an assent to a pecuniary legacy of definite amount should not have tbe same effect as stating an account.
But in Deeks vs. Strutt, 5 Term Bep. 690, which was an action at law for the recovery of tbe arrears of an annuity bequeathed, when tbe annuity bad been regularly paid for several years, and then suffered to fall in arrear, and was therefore an exact parallel of tbe present case, except as to tbe forum, it was adjudged that such an action would not lie. This case seems to have finally settled tbe law on the point in England, and there is no direct decision to tbe contrary reported in our own books.
It is to be observed, however, that, in Deeks vs. Strutt, *194 Lord Kenyon does not intimate the absence of a contract as a ground upon which the jurisdiction of the Law Court is denied, but rests that denial on the inconvenience that would result from such jurisdiction compared with the superior facilities in the peculiar modes of proceeding and relief in equity for protecting the rights and interests of all parties; his illustration being the case of a legacy to a married woman, which the Equity Court can and the Law Court cannot secure in whole or in part to her own use, &c. It appears to follow from all this, that there is, after assent, a contract or promise, express or implied, upon sufficient consideration, to pay the legacy to the legatee — but that, like some other classes of contracts, owing to special circumstances and considerations, it can only be enforced in equity.
This contract, in the present case, was long prior in date to the passage of the Stay Law, and is, therefore, within the constitutional protection asserted in The State vs. Carew, 13 Rich. 498.
It is ordered that the circuit decree dismissing the bill be reversed, and that the cause be set down for a hearing in the Circuit Court upon the pleadings and proofs.
Dunkin, Ch. J., and Wardlaw, A. J., concurred.

Decree reversed.